# Exhibit 3 (Part 9)

 

15 Tech Valley Drive
2ⁿᵈ Floor, Suite 3
East Greenbush, New York 12061

January 28, 2009

Dr. Kenneth Kutner
339 Princeton Hightstown Road
Cranbury, NJ 08512

RE:   Ralph Van Deventer
DOB:

Dear Dr. Kutner:

Thank you for agreeing to perform an Independent Medical Examination on the above employee of Johnson & Johnson on Thursday, February 12, 2009 at 10:00am. The purpose of the IME is to provide an independent, impartial and objective evaluation of the individual.

Mr. Van Deventer has been losing time from work primarily due to a diagnosis of 300.4 Dysthymic Disorder; Anxiety Depression, Depression with Anxiety, Depressive Reaction, Neurotic Depressive State, Reactive Depression since 9/17/2008. Mr. Van Deventer continues to apply for disability benefits for issues related to the aforementioned diagnosis. The employee alleges continued symptomatology that prevents him from performing the essential functions of his job. Based on plan provisions, Mr. Van Deventer needs to demonstrate disability from his position as a Senior Compliance Analyst. In order to evaluate the employee's eligibility for continued disability benefits the following issues need to be clarified. My specific questions are:

1.  What is the current condition? Please address.

2.  Did the claimant demonstrate emotional decontrol? Please base your response on objective clinical observations. Reference the emotional presentation you directly observed. Specify the claimant's ability to demonstrate appropriate affect to content discussed and whether the claimant was able to compose himself within a reasonable time-frame. If the patient exhibited emotional decontrol, did validity testing suggest symptom magnification and/or malingering? Please explain.

3.  Did the claimant demonstrate cognitive impairment in attention, concentration and/or memory functions as compared to standardized norms? Please base your response on objective testing to support your answer with the scale, index and/or subscale scores from performance based testing, e.g. WAIS-III, Folstein Mini Mental Status Exam. If the claimant displayed cognitive impairment, did the validity testing suggest less than optimal effort that suppressed performance? Please explain.

4.  Did the claimant demonstrate any reality testing impairments? Please base your response on the clinical interview and behavioral observations. Describe any aspects of a formal thought disorder, (i.e. presence of delusions and/or hallucinations), and if these symptoms affected your ability to interact with and test this claimant. If the claimant displayed reality testing impairments, did the validity testing (test results and behavioral observations as compared to self report), suggest symptom magnification and/or malingering? Please explain.

5.  Did the claimant demonstrate any clinically significant behavioral impairment? Please address social behavior (i.e. eye contact, hygiene, communication skills), psychomotor activity, and impulse control you observed during your clinical interview and psychological testing. If the claimant displayed behavioral impairments, did the validity testing (test results and behavioral observations as compared to self-report) suggest symptom magnification and/or malingering? Please explain.

6.  Is the claimant able to perform an 8-hour-per-day job?

7.  Are there sufficient abnormal findings that would support a functional impairment which would prevent this individual from working **in his own occupation? Please comment on current treatment regime and recommendations for optimal treatment.**

Confidential
Admin Rec. 00483

8. If this individual could return to work, what would their limitations or restrictions be? For how long would these restrictions be in place?

9. Participants in Johnson & Johnson's Disability Plans are required to cooperate fully and provide factual information for all aspects of claims processing. Failure to do so will result in the forfeiture of benefits and/or loss of coverage. Therefore, based on the findings of your evaluation, please document the specific cause of any findings of poor performance, suboptimal effort and/or symptom magnification. Define the association of these findings to the participant's disabling condition, or, if you are unable to do so, document why an association cannot be made.

Thank you again for your assistance in this matter. Please send your report to my attention at Reed Group, 15 Tech Valley, 2nd Floor, Suite 3, East Greenbush, New York 12061 and/or fax the same to me at (518) 880-6610.

Thank you,

Reed Group

 

ReedGroup
16 Tech Valley Drive
2nd Floor, Suite 3
East Greenbush, New York 12061

January 28, 2009

Mr. Ralph R. Van Deventer Jr.

Dear Mr. Van Deventer:

Your case was referred to case management on 9/9/2008.

An Independent Medical Examination (IME) has been scheduled for you on:
Thursday, February 12, 2009 at 10:00am with Dr. Kenneth Kutner. Dr. Kutner's office is
located at:

**339 Princeton Hightstown Road**
**Cranbury, NJ 08512**

For directions to his office you may call (201) 498-1166.

**Please bring a snack or lunch with you as this examination will last approximately
6-8 hours.**

Please be aware your failure to attend, put forth reasonable effort or otherwise fully
cooperate in this evaluation will result in the termination of your disability benefits as
well as any other benefit programs you may be eligible for through Johnson & Johnson.

Please contact me at (866) 829-8861 (Toll Free) with any questions or comments.

Thank you,

Reed Group

Confidential
Admin Rec. 00485



15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

January 28, 2009



Ralph R. Van Deventer Jr.

Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer Jr.:

Johnson & Johnson has contracted with the Reed Group to review and monitor requests for Short Term
Disability (STD) benefits.

Your request for STD benefits was received on 09/09/2008 for your absence beginning 09/08/2008.
Based on your diagnosis and medical information submitted by your Health Care Provider, the status of
your STD benefits are as follows:

09-08-2008    03-02-2009    Approved ------ Disability Duration

Reed Group will continue to review your claim on an ongoing basis to determine the potential for an
earlier release to return to work, with or without temporary restrictions.  Therefore, if is determined by
Reed Group that you can return to work, in any capacity, prior to the last authorized date of our
disability as indicated in this letter, you are expected to comply in order to continue receiving STD
benefits. In the event that you and your health care provider determine that you can return to work prior
to 03-03-2009, please contact us immediately to facilitate your return to work.

Fitness for Duty Requirements to return to work: You are required to provide a release to return to work
from your provider. Failure in providing this notice may delay restoration to your job.

It is important to note that should you require an extension or will not return to work on or before the
authorization end date, it is your responsibility to ensure that you and/or your health care provider
submits additional objective medical documentation to Reed Group five (5) days prior to the last
authorized date for review to extend STD benefits.  Examples of this objective medical documentation
are:

- Physician office/progress notes
- Diagnostic test results (X-rays, MRI, etc.)
- Laboratory results
- Physical Therapy notes
- Medical clearance from disability

Confidential
Admin Rec 00480
74518

 

Per the Company policy, if an employee does not return to work within three (3) business days of the end of the approved time off, the Company may determine that the employee has voluntarily resigned and consider the employee's employment to be terminated.

Please call 866-829-8861 if you have any questions or concerns.

Thank you,

Cristina Teta
Reed Group

FROM : A-Z VIDEO                FAX NO. : 7322704297          Jan. 27 2009 03:31PM  P1

TO: Christina Teta                      # of pages : 2

From: Ralph Van Deventer
Fax:  ▓▓▓▓▓▓▓▓▓▓▓
re: Case  74518

Dear Christina,

Here is the completed form you
faxed to me earlier. Please Fax
the IME report so I can discuss
it with my Orthopedic surgeon.

Thanks,
Ralph

Confidential
Admin Rec. 00488

## EMPLOYEE REQUEST FOR MEDICAL INFORMATION
## AUTHORIZATION FOR USE OF INFORMATION

To Reed Group, 15 Tech Valley Drive, 2nd Floor, Suite 3, East Greenbush, NY 12061: You are authorized to provide to me or to my authorized representative information concerning my medical disability case and/or any employment-related information regarding my primary and /or secondary diagnoses as they relate to any future claim for disability benefits as maintained in my file at Reed Group. I understand that this authorization is valid until I submit written revocation to Reed Group. I hereby release any person or entity providing information from any and all liability for furnishing such information. I agree that a photographic copy of this authorization is as valid as the original. I understand that Reed Group has fifteen days to respond to my request.

| Full Name of Employee: | Social Security #: |
|---|---|
| Ralph Robert Van Deventer Jr. | |

| Employee's Signature: | Date: |
|---|---|
| | 01/27/09 |

Please Fax Completed Form to 518-880-6610

Reed Group | 15 Tech Valley Drive | 2nd Floor, Suite 3 | East Greenbush, New York 12061 | 866-529-5861 | Fax: 518-880-6610

Confidential
Admin Rec. 00489

*Access Medical Evaluations, Inc.*          *TELEPHONE: 800-375-0270*
*P.O. BOX 510837*                            *FAX: 734-425-1042*
*LIVONIA, MICH. 48151*                       *EMAIL: Accessevaluation@aol.com*
Mail Records to: 31153 Plymouth Rd., Ste. 107
Livonia, Michigan 48150

## REFERRAL FORM

Date of Referral: 1/27/2009          (Access use only)  Received by:_____

### Claimant Information                ### Adjuster/Client Information

Case/Claim #:   10900

| | |
|---|---|
| Name: | Ralph R. Van Deventer Jr. |
| Address: | |
| City/ST/Zip: | |
| Date of Birth: | |
| Telephone #: | |

| | |
|---|---|
| Company Name: | Reed Group |
| Adjuster Name: | Megan McRae |
| Tel/ext: | 866-829-8861 x3128 |
| FAX: | 518-880-6610 |
| Email: | mmcrae@rgl.net |
| Account: | J&J |

Please Check:   STD: XX      LTD: ___          WC:_____      Pension:_____

Is this account: _____ Union represented        _____ Non Union represented

DISABILITY
DIAGNOSIS:          300.4 Dysthymic Disorder; Anxiety
                    Depression, Depression with Anxiety,
                    Depressive Reaction, Neurotic
                    Depressive State, Reactive Depression

Physician/specialist    1st choice: NPSY                    2nd choice:
requested:

Reason for evaluation:   Any Occupation:_____          Own Occupation: XX
                         Pension Disability:_____        FCE:_____
Disability Status        MRR:_____                       Other:_____
Exam:_____
Approx amount of
medical records: 1/2     (Fax if 30 pages or less)
in. – 1 in.

SPECIAL INSTRUCTIONS:  Please notify if unable to schedule for within 10-15 business day
Thank you.  Please schedule with Dr. Kutner.

---

** FOR OFFICE USE ONLY**

Appointment Date:_____   Time:_____

Physician:_____

Address:_____

_____

City/state/Zip:_____

Telephone:_____

FAX:_____

Specialty:_____

Date of last Credential:_____

Office Contact:_____

Charge:_____

Addn'l chrgs:_____ xray _____ other
                    _____ Transmittal Confidential
Invoice:_____          Admin Rec. 00490

Date EE contacted:_____          EE showed:_____  No show_____  Canceled:_____

Confidential
Admin Rec. 00491

FROM : A-Z VIDEO          FAX NO. : 7322704287          Jan. 21 2009 01:39PM P1

1/21/09

To: Christina Teta          # of pages: 3

Fax: 518-880-6610

From: Ralph Van Deventer

Re: Case 74518 Documentations

Christina,

    I am sending two documents to you in this fax.

(1) Is the doctor's note that I provided before about working part-time from home. I thought this was sufficient to allow this to happen based on our conversation back in September. Dr. Strouse and IME Dr. Heyman could not understand why my ~~immediate~~ employer (my immediate manager) did not accommodate this - as it would benefit the company. At the time, the "Return to Work" form was not completed. Can this be revisited as is? Can you email my employer to negotiate this?

(2) Copy from my psychiatrist office about the ~~treatment~~ received there. This is because my condition has caused me to accept that I may not get better with my back, which causes me to feel depressed and anxious. To complicate this, I am anxious about the status of my job during this time. I'm afraid that I am running out of time due to recent delays with the surgeon and Pain Management doctor. And whether the IME is in agreement or not with my surgeon's diagnosis/conclusions and how that translates to Long Term Disability approval or appeals or worst ~~if~~ if I lose my job.

    I will call to discuss further.   Thanks,

Ralph

received on 1/21/2009 11:56:26 AM [Eastern Standard Time]

Confidential
Admin Rec. 00492

FROM : A-Z VIDEO                              FAX NO. : 7322704287              Jan. 21 2009 01:40PM  P2
                                                  STROUSE/LUFANU                          PAGE  2:

## EXCUSE SLIP

### IRVING D. STROUSE, M.D., P.A.
Diplomate American Board of Orthopedic Surgery
279 Third Avenue, Suite 504
Long Branch, New Jersey 07740
(732) 229-4383

Date: 9-11-08

To Whom It May Concern:

Ralph Van Deventer is under my care.

He / She:

☐ Was seen in my office today for a necessary appointment.

☐ Please excuse for being tardy to:      school      work

DIAGNOSIS (FOR ALL MARKED SELECTIONS BELOW):

721.3 - Osteoarthritis, Lumbar Spine

847.2 Lumbar Sprain

727.06 Left ankle Tenosynovitis

☐ Please excuse for being absent from school / work on _____ to _____.

☐ Is released to return to school on _____.

☐ Is released to return to work on _____.

              Full Duty              Light Duty

☐ Is / Is not able to participate in the physical education program at school.

☐ Is not able to participate in _____

☐ Surgery is scheduled for _____ and patient may return to school / work after _____ weeks.

   Type of surgery to be performed: _____

☐ RESTRICTIONS: Patient able to work

   2 hours a day from home.

☐ OTHER: _____

_____

_____

IRVING D. STROUSE, M.D., P.A.
(SIGNATURE)

Confidential
Admin Rec. 00493

**BRICK PSYCHIATRIC SERVICES, INC.**
ZULFIQAR A. RAJPUT, MD
BOARD CERTIFIED PSYCHIATRIST
1541 Route 88 West, Suite J
Bricktown, NJ 08724
732-202-0622
(Fax) 732-202-0620

January 13, 2009

RE: Ralph Van Deventer

To Whom It May Concern:

Ralph has been a patient in this office since 9/17/2008. He is suffering with depression and anxiety. He is currently under my care and is taking medications. If there are any further questions please do not hesitate to contact this office.

Sincerely,

Zulfiqar A. Rajput, M.D.

ZAR/:)

Confidential
Admin Rec. 00494

NORMAN M. HEYMAN, M.D., P.A.
ORTHOPAEDIC SURGERY
245 UNION AVENUE
BRIDGEWATER, NEW JERSEY 08807-3092

TELEPHONE (908) 526-2889
FAX (908) 526-6753

FELLOW OF THE AMERICAN ACADEMY
OF ORTHOPAEDIC SURGEONS

FELLOW OF THE AMERICAN ACADEMY
OF SURGEONS

Exam Coordinators Network
123 Northwest 13th Street, #207
Boca Raton, FL 33432

January 14, 2009

RE: RALPH VAN DEVENTER
DOB:
D/I:
FILE#: 27785
CLAIM:
EXAMINATION:
D/E: 01/13/2009
EXAMINING
ORTHOPAEDIC SURGEON: NORMAN M. HEYMAN, M.D.

To Whom It May Concern:

Mr. Ralph Van Deventer was seen in orthopaedic consultation for an independent medical examination on 01/13/09 in the Hopelawn office with complaints of back pain and left foot and ankle pain.

HISTORY OF PRESENT ILLNESS:  The patient is a ███ year-old gentleman who indicates that he has soreness and distress and discomfort in his back all of the time. He takes Motrin all the time on a daily basis because his back is always sore.  In June 2008, his back seemed to get worse and he had pain not only in his low back, but in his middle and in his upper back.  He tried to wait it out in that he has had pain in his back over the years subsequent to a back injury in 1979 when he worked in the ski patrol with the United States Army.  In the past, he has always been able to work out his back difficulties, but in this case, it did not seem to get better and he went to see Dr. Strouse in September and Dr. Strouse started him on physical therapy at the end of September. Around the same time in September, he began to have pain in his left ankle and he noted a bump in his ankle and Dr. Strouse immobilized him in a walking boot, and because he did not improve, in the beginning of December he was started on physical therapy where he had heat and electric stimulation.  He indicates that his back is starting to improve, but it is not to the point where he believes he can go to work and his back hurts if he sits for too long and he cannot stand for too long, and he is unable to sleep on each sides but has to sleep on his back because his sleep apnea is affected when sleeping on his side.  He is unable to shift from side to side and he tried to do some home work with some tools at home above his head with a screw driver and screws.  He worked for a few minutes and had to stop in that he could not move and had a great deal of difficulty for several days.

He, however, indicates that he is somewhat better.

Confidential
Admin Rec. 00495

RE: Ralph Van Deventer
Page 2 of 5

**PAST MEDICAL HISTORY:** His past medical history reveals that he has no other serious medical problems with no hypertension, no cardiovascular disease, no diabetes, and no asthma or pulmonary problems. There is no history of genitourinary problems, gastrointestinal problems, dermatologic, hematologic, neurologic, or orthopedic problems. Up until four days ago, he was using Soma as a muscle relaxant, hydrocodone for pain, and meloxicam as an antiinflammatory for pain.

He had his right knee operated on arthroscopically some four years ago and has had no trouble subsequently and as noted above. He injured his back in 1979 and his right knee when he worked with ski patrol for the army and had a motor vehicle accident two years ago for which he had no treatment.

**EMPLOYMENT HISTORY:** He is a senior compliance analyst for Ortho Diagnostics and indicates that he sits most of the time, but sometimes is required to lift between 10 and 50 pounds from the floor to the waist and overhead. He has been out of work since September 08, 2008.

**MEDICAL RECORDS REVIEW:** Medical records includes
1. Authorization to disclose and use medical information for disability related determination signed by Mr. Van Deventer.
2. A job analysis worksheet indicating sitting most of the time, lifting, and carrying 1-10 pounds with the necessity to lift from waist to shoulder and the use of simple grasp.
3. An attending physician's statement, which is dated 09/25/08 indicating a lumbar sprain and tenosynovitis of the left ankle. Prescription for physical therapy three times a week for three weeks without any specific directions on 09/29/08 and note from Dr. Strouse of 10/17/08, continue physical therapy, continue out of work.
4. A note to continue physical therapy from Dr. Strouse dated 10/24/08.
5. A note from Dr. Strouse dated 11/10/08 indicating MRI of the lumbar spine to further delineate pathology and to continue physical therapy because he is complaining of increased left sciatica.
6. Excuse slip, not to return to work till 12/01/08.
7. MRI of the lumbar spine indicating transitional-type vertebral body referred to as L5 for this report, disc bulge at L4-L5 and L3-L4 with a superimposed disc herniation in the right neural foramen at L4-L5, and diffuse facet degenerative changes.
8. Excuse slip from Dr. Strouse, no work until 12/29/08.
9. Note from Dr. Strouse dated 11/24/08 to continue physical therapy and remain out of work.
10. Excuse slip from Dr. Strouse, no return to work until 01/20/09.
11. Prescription from Dr. Strouse to continue physical therapy three times a week for four weeks dated 12/22/08.
12. Note from Dr. Strouse dated 11/24/08 to continue physical therapy.
13. Note from Dr. Strouse dated 12/22/08 to continue physical therapy and referring him to pain management specialist to see if epidural blocks are indicated.

**PHYSICAL EXAMINATION:** Physical examination reveals a 50-year-old gentleman who stands 6 feet and weighs 215 pounds. He is oriented, cooperative, responsive, and in no acute distress. He is wearing an Aircast Cam boot on the left side and having been driven to the appointment by a friend.

**OBSERVATION:** On observation, he walks with a mild antalgic gait on the left side putting most of his weight on the right with no aid for ambulation, no crutch or cane. He stands erect with head in the midline, shoulders and pelvis level. Normal curves of the cervical, thoracic, and lumbar spine with mild flatness of the lumbosacral lordosis. He is unable to walk on his heels and toes, particularly on the left foot. Trendelenburg's test and gait are negative. Facial features are symmetrical. Pupils are equal, round, and reactive to light and accommodation.

Confidential
Admin Rec. 00496

RE: Ralph Van Deventer
Page 3 of 5

**RANGE OF MOTION:** Range of motion of the cervical spine is full and free in all planes with 20 degrees of extension, 20 degrees of right and left lateral flexion, 90 degrees of right and left lateral rotation, and 45 degrees of forward flexion. There is a negative Spurling's test, negative axial head compression test, and a negative extension test indicating no signs of nerve root irritation.

With respect to the lumbar spine, there is mild paravertebral muscle holding on the left. There is limited extension perhaps 5-7 degrees and about 30 degrees of forward flexion without reversal of the lumbosacral spine. There is no lateral flexion and no lateral rotation.

**NEUROLOGICAL EXAMINATION:** The neurological examination is physiological and reveals no deficit or deficiency in the dermatomes, myotomes, or sclerotomes innervated by brachial or lumbosacral plexus from cervical 3-4 through and including thoracic 1 and lumbosacral 3-4 through and including sacral 1.

There are no long tract signs or pathological reflexes in the upper and lower extremities. All deep tendon reflexes are 2+ in the upper and lower extremity. Motor and sensory functions are satisfactory in the upper and lower extremity. There are no signs of peripheral nerve compression or entrapment in the upper and lower extremity.

**RANGE OF MOTION:** The range of motion of the shoulders, elbows, wrists, and fingers show 180 degrees of motion in flexion and in abduction bilaterally, which are symmetrical + equal 90 degrees of internal and external rotation of the shoulders with the shoulder abducted 90 degrees bilaterally. There is 70 degrees of internal rotation and 30 degrees of external rotation with the shoulder unloaded and the elbow at the side.

Range of motion of the elbows is and of the wrist is 0 to 130 and of the wrist is 90 degrees of extension and 90 degrees of flexion. Range of motion of the fingers is normal.

There is full range of motion of the hips, knees, ankles, and feet, which is equal and symmetrical bilaterally with 110 degrees of hip flexion, 45 degrees of abduction, 30 degrees of external rotation, and 20 degrees of internal rotation without pain on flexion contraction. In the knee, there is 0-130 degrees with no medial and lateral laxity at 0, 15, 30, and 45 degrees of flexion. There is negative Lachman and negative anterior posterior drawer with a negative posterolateral drop back.

There is negative McMurray's test and negative McMurray's sign with negative Apley grind test, negative Steinmann's test, and negative pivot shift with no sign of patellofemoral syndrome with negative patellofemoral compression and suppression.

Range of motion of the ankle is satisfactory on the right side as is the range of motion of the foot, but the range of motion of the ankle is reduced minimally on the left with 5 degrees of dorsiflexion on the left and 15 degrees of dorsiflexion on the right. There is 25 degrees of plantarflexion on the left and 35 degrees plantarflexion on the right. Eversion on the left is about 3-5 degrees and on the right 5-7 degrees. Inversion on the left is 7-10 degrees and on the right it is 12-15 degrees.

There is significant thickening of the Achilles tendon from the muscular ligamentous junction all the way down to the attachment at the bone. At the base of the Achilles tendon distally, there is a small lump about the size of a peach pit. This area is not tender and is not soft, but appears to be firm.

**SPECIAL TESTS IN THE LOWER EXTREMITY:** Special tests in the lower extremity reveal positive hamstring muscle holding with negative straight leg raising. No sign of sciatic nerve root irritation with negative sciatic stretch and negative sciatic attention test. Fabere and Gaenslen tests are negative, but tight.

**CIRCULATION:** Circulation in the upper and lower extremities is satisfactory.

Confidential
Admin Rec. 00497

RE: Ralph Van Deventer
Page 4 of 5

## DIAGNOSES:

1. Lumbosacral sprain and strain.
2. Lumbar syndrome, mechanical in nature.
3. Degenerative Achilles tendinitis on the left side.

Mr. Van Deventer brought some x-rays with him. The x-rays of his lumbar spine were incomplete, but there was bulging of the L3-L4 disc and herniation to the right of the L4-L5 disc. There was mild thickening of the left Achilles tendon with some degenerative changes in the tendon sheath. Attachment was noted to be firm at the bony junction.

Questions to be answered:
Question #1: What is the current condition, please address.
Answer: Mr. Van Deventer's current condition is a chronic lumbosacral syndrome mechanical in nature with weak trunk muscles and weak muscles in the lower extremity. This is evidenced by his inability to sit for long periods of time, stand for long periods of time, and inability to shift his weight from side to side getting in and out of a car, which he states he is unable to do. He also has a degenerative Achilles tendon on the left side.

Question #2: Is the patient's condition preventing him from functioning in his current job position?
Answer: I think that the patient's condition is partially preventing him from functioning because he is unable really to bend and to lift, and though I think he can sit, if he sits comfortably and properly in a chair, he indicates that he is unable to sit for longer than half hour, but with the proper coaching and proper teaching and sitting with a lumbar roll, I believe he could sit for a longer.

For him to be able to stand longer, Mr. Van Deventer has to be able to exercise and strengthen his trunk muscles and his lower extremity muscles along with the muscles of his back, and based up on the exercises that he has mentioned to me, I do not believe that there is any of those exercises that will accomplish what is necessary for him.

Question #3: If he is capable of performing his current job, what specific functions of the job is he capable of, and specific functions of the job he is not capable off?
Answer: I believe that he is capable of performing his current job in the sedentary position and in walking around and standing for short periods of time. I do not believe that at this point in time he requires the air walking cam boot. He can be treated with either a lift inside the shoe or a lift outside the shoe to protect the Achilles tendon.

Therefore, I think he can perform his sitting and walking around minimally, but I do not believe that he can lift and put something up on a top shelf at the shoulder level. So that the functions that he is not capable of doing is lifting heavy objects and bring them to shoulder level, standing for long periods of time, and sitting for long periods of time. As noted, he is capable of sitting for short periods of time with occasional standing and walking around and standing for short periods of time.

Question #4: Is the patient capable of working for 8 hours per day?
Answer: I think the patient is capable of working for 8 hours a day, but he will have to take frequent breaks, be able to stand, and be able to walk around with certain frequency and he must be sitting with a lumbar roll in the lumbar lordosis to put the least amount of load and the least amount of strain on his back.

Question #5: Do you agree with the treatment to date? If further treatment is recommended, what further treatment would you recommend, and how long do you feel treatment should be provided?
Answer: I do not agree with the treatment to date and my recommendation would be to get him out of the boot and put him in a shoe with a heel pad to elevate his heel or build up the outside of the shoe. I think that exercises for his Achilles tendon and for his foot are not indicated and he should be on a particular program to stretch hamstrings and stretch the piriformis on a daily basis and twice daily basis and he should be on strengthening exercises for his trunk, for his low back muscles, for his quadriceps hip flexor, and for his knee extensor.

Confidential
Admin Rec. 00498

RE: Ralph Van Deventer
Page 5 of 5

The use of the heel lift and heel pads should be until the swelling is down and he is comfortable, which may be 6 months to 8 months, and his exercises need to be started immediately and they should be monitored for a short period of time at most 3-4 weeks, but they need to continue for the rest of his life to maintain long thin muscles and gradually strengthen trunk muscles, back muscles, and lower extremity muscles. He also must have a lumbar roll or a lumbar pillow to put in the lumbar lordosis when he is sitting and he should have this at home, in all of his chairs at work, and all of his chairs in his automobile.

Should you require any additional information, please do not hesitate to call on me.

I state that I am a physician, authorized by law to practice in the state of New York and the state of New Jersey: am not party to this proceeding; am the physician who subscribed the above (or attached) report; have read and personally, by my hand, signed the same and know the contents thereof; that the same is true to my knowledge, except in the matters stated to be on information and belief, and as to the matters, I believe it to be true.

The undersigned hereby affirms that the foregoing statements are true under the penalties of perjury.

I am available for testimony via telephone on Tuesday afternoons at 2 p.m. and Wednesday afternoons at 4 p.m. weekly.

Thank you very kindly, I remain,

Very truly yours,

Norman M. Heyman, M.D.
F.A.A.O.S.     F.A.C.S
Tax I.D.22-2093588

WCB Rating Code: COS
NMH/ad

Confidential
Admin Rec. 00499



Corporate Headquarters
123 N.W. 13th Street, Suite 207
Boca Raton, Florida 33432
Toll Free: (877) 463-9463
Local: (561) 392-5001
Fax: (561) 392-5881

Exam Coordinators Network     E-Mail: info@ecnime.com   •   Website: www.ecnime.com

**Bill To**

Maria Wallace
Reed Group, Ltd.
15 Tech Valley Drive
E. Greenbush, NY 12061

ECN Nbr: 27785

Invoice Nbr: 33389

Invoice Date: 1/15/2009
Terms: Due on Receipt

**Claim Nbr:**                          **Examinee: Ralph Van Deventer, Jr.**

**Date of Loss: 9/8/2008**

| Date | Unit | Cpt Code | Description | Unit Amt | Ext Amt |
|------|------|----------|-------------|----------|---------|
| 1/13/2009 | 1.00 | | Independent Medical Evaluation- BR - Provider: Norman Heyman, M.D. - Orthopedic Surgery, Examinee: Ralph Van Deventer, Jr. | $1,195.00 | $1,195.00 |
| | | | | | |
| | | | Sub Total | | $1,195.00 |
| | | | Total | | $1,195.00 |

Thank you for your business!!!!

Tax I.D. Number – 02-0621936

Confidential
Admin Rec. 00500

# Initial Notification Email Template

## Initial Notification

| Name: | RALPH R VAN DEVENTER JR |
|---|---|
| WWID#: | 10900 |
| Case Number: | 74518 |
| First Day Absent: | 09/08/2008 |
| Primary Diagnosis: | Degeneration of Thoracic or Lumbar Intervertebral Disc |
| ICD-9 Code: | 722.5 |
| Secondary Diagnosis: | 847.2 - Sprains and Strains of Other and Unspecified Parts of Back, Lumbar Spine |
| ICD-9 Code: | 847.2 |

Please provide any pertinent information regarding this claimant that you feel might impact the disability management process.

I will follow up with a benefit determination. Please email me at ReturnToWellness@reedgroup.com if you have any questions regarding this claim. Please include either the employee's name or case number in your e-mail.

Thank You
Cristina Teta
Assigned Case Manager

Confidential
Admin Rec. 00501

# Initial Notification Email Template



Confidential
Admin Rec. 00502

 **ReedGroup**

15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

January 12, 2009

Ralph R. Van Deventer Jr.

Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer:

Johnson & Johnson has contracted with Reed Group as the Service Administrator of the Johnson & Johnson Long Term Disability (LTD) Plan. Reed Group's Short Term Disability (STD) Care Management Team has advised us that you have been on STD leave since 9/8/2008. Assuming your disability will continue, your last day of STD will be 3/8/2009

We recommend that you begin the process for filing a claim for Long Term Disability (LTD) benefits. You must complete and return your LTD forms even if you believe you may return to work before your STD period is exhausted. Should you return to work before your STD period is exhausted, your LTD application will be cancelled.

LTD BENEFIT AMOUNTS

If approved, your LTD benefit will equal 60% of your monthly base salary in effect when your Short Term Disability leave began.

HOW TO APPLY FOR LONG TERM DISABILITY BENEFITS

To file a claim for LTD benefits, the enclosed forms must be completed and returned to Reed Group within three weeks of the date of this letter. A reply envelope is enclosed for your convenience.

1. **Application for Long Term Disability and Attending Physician Statement –** Both of these forms must be completed and returned to Reed Group to process your application for LTD.

2. **Electronic Funds Transfer -** You may elect to have your LTD benefit check electronically transferred into your bank account each month. In order to receive this service, please complete the enclosed form entitled Authorization for Direct Deposit. Please also enclose a voided check with this form. If depositing to a savings account, please provide the Routing/Transit Number for your account. Please be aware that there may be a delay before the direct deposit takes effect. If this occurs we will mail your LTD payment directly to your home address.

3. **Reimbursement Agreement -** You must sign this agreement. In doing so, you agree to repay the Johnson & Johnson Long Term Disability (LTD) Plan any amount you receive in excess of the amount you would have been entitled to under the Plan.

Confidential
Admin Rec. 00503

 

The Long Term Disability Plan benefit will be "offset," or reduced, by any other disability benefits you may receive, such as Primary Social Security or any Workers' Compensation payments and settlements. The LTD Plan requires that you apply for Social Security Disability benefits. Additionally, you are required to immediately appeal a denial of your claim for Social Security Disability benefits. If awarded, the amount of your Social Security Disability benefit will reduce your monthly LTD benefit. If Family Social Security benefits are payable, the amount of the monthly benefit shall be the lesser of your regular monthly earnings reduced by your Primary Social Security Benefit or 70% of your regular monthly earnings reduced by your Primary and Family Social Security Disability Benefit.

### Social Security Claimant Assistance Program

The Johnson & Johnson Long Term Disability (LTD) Plan enlists the expertise of Reed Group's preferred SSCAP partner to assist you in the Social Security application process. The Johnson & Johnson LTD Plan Document requires **all** disabled claimants to promptly file for Social Security Disability Income (SSDI) benefits under one of two methods.

1. You may seek the assistance of Reed Group's preferred SSCAP partner to represent you in making this filing. Reed Group's preferred SSCAP partner is a recognized leader in this field and your decision to use them offers two additional advantages besides having their expertise working on your behalf:

    a) During Reed Group's preferred SSCAP partner 's efforts and until your SSDI benefits are awarded or denied, the Johnson & Johnson LTD Plan will pay your full monthly LTD benefit to you. Once SSDI is awarded, you will be expected to fully repay the Plan for all monies "advanced" to you during the filing period.

    b) Johnson & Johnson will pay 100% of the SSCAP partner's fees to provide these services on your behalf, thereby saving you hundreds of dollars of what would otherwise be a personal expense.

2. Alternatively, you may choose your own representative to handle your filing for SSDI benefits. If you elect to do that, please recognize that:

    a) Your monthly LTD benefit from the Plan will be immediately reduced by the estimated amount of your monthly SSDI benefit.

    b) You will be fully responsible for paying your representative for the services provided.

You will be obligated to keep us informed about the status of your SSDI filing, exhaust all appeals if your filing should be denied and to advise us when you have been awarded or denied SSDI benefits.

Your monthly LTD benefit from the Plan will be adjusted, if necessary, once SSDI benefits are actually awarded and a copy of Social Security's written decision is sent to our attention by you or Reed Group's preferred SSCAP partner, as applicable.

### Your Current Benefits

If your claim for Long Term Disability benefits is approved, Health Care, Vision Care, Dental, Term Life, and Voluntary Group Accident coverage that you currently have for yourself and your covered dependents will continue at no cost to you except for any required Medicare Part B premiums (if applicable). If enrolled, contributions to the HealthAccount and/or CareAccount will stop. Confidential

 

any Company paid Business Travel Accident insurance to which you may be eligible. If enrolled, you may choose to continue your Group Universal Life Insurance coverage by participating in the carrier's (MetLife) voluntary direct lump sum deposit program. Alternatively, you may elect not to make any future contributions to your Universal Life Insurance and your cash value account will be subject to future interest earnings only. If enrolled, you may also maintain your Long Term Care coverage. The carrier (CNA) will bill you directly for this coverage. If participating, contributions to the Savings Plan will also stop. If eligible, you will continue to accrue Retirement Plan credited and vesting service while you remain on an authorized LTD status.

If you have questions regarding the benefits available to you while on an authorized LTD status, please call the Johnson & Johnson Benefit Service Center at (800) 565-0122 and speak with a Benefit Service Representative.

Next Steps

**All completed forms must be returned to Reed Group within three weeks of the date of this letter. Once received, your claim will be processed.**

If your claim for LTD benefits is not submitted to us in the time frame stated above or is not approved by us, you may be without income for a period of time or will not receive income from the Johnson & Johnson Long Term Disability (LTD) Plan. However, if your claim is approved, benefits will be paid retroactively to the date you commenced an authorized Long Term Disability status.

Once you have exhausted your 26 weeks of Short Term Disability and you have been notified that your Long Term Disability (LTD) claim has been approved, you will be placed on LTD status. At that time, your employment status is considered as inactive and there is no guarantee of your reinstatement to your job unless otherwise required by any workers' compensation laws in effect in the State in which you reside. In the event that your medical condition improves and you are able to return to active employment, you are welcome to contact your Human Resource representative to obtain information regarding any available employment opportunities. Any return to active employment requires a statement of medical clearance, which should include any suggested restrictions or request for accommodation. In addition, you may be required to attend a fitness for duty evaluation at no expense to you. Any questions you may have concerning your company's re-employment procedures should be directed to your local Human Resources representative.

If at the end of your 26 weeks of Short Term Disability you are still unable to return to the workplace and have not submitted the enclosed LTD forms, **you will be considered to be on an unauthorized leave** and must contact your local Human Resources representative to discuss your employment status. Therefore, it is imperative that you complete and return the enclosed forms as soon as possible to avoid any potential interruption of your benefits.

Please call (866) 829-8861 if you have any questions or concerns.

Thank You,


Reed Group

cc: Occupational Health Nurse

Confidential
Admin Rec. 00505



## APPLICATION FOR DISABILITY BENEFITS

| TO BE COMPLETED BY EMPLOYEE | PLEASE TYPE OR PRINT CLEARLY | ANSWER ALL QUESTIONS |
|---|---|---|

| 1. EMPLOYEE FULL NAME (Last, First, Middle Initial) | 2. Social Security Number |
|---|---|

| 3. Address (City, State, Zip Code) | 4. Phone Number (Area Code) |
|---|---|

| 5. Date of Birth<br><br>Mo    Day    Yr | 6. Height | 7. Weight | 8. Gender<br><br>☐ M<br>☐ F | 9. Marital Status<br><br>☐ single    ☐ married<br>☐ widowed ☐ divorced | 10. Spouse's Date of Birth<br><br>Mo    Day .   Yr<br>First Name _____ | 11. Is Spouse Employed?<br><br>☐ Yes<br>☐ No |
|---|---|---|---|---|---|---|

| 12. Number of Children | 13. List names with dates of birth for unmarried children who have not finished high school: |
|---|---|

### PART I – INFORMATION ABOUT YOUR CONDITION

14. What is your disabling condition? (Briefly describe the injury or illness that prevents, or has prevented, you from working.)

| 15. Is your injury or illness related to or caused by your work in any way? | ☐ Yes | ☐ No |
|---|---|---|

1.   On what date did your condition first bother you:          Month          Day          Year

~~2A.  Did you work after the date shown in item 1? (If "No," go to items 3A and 3B)~~          ☐ Yes   ☐ No

2B.  If you did work since the date in item 1, did your condition cause you to change:

| Your job or job duties? | ☐ Yes | ☐ No |
|---|---|---|
| Your hours of work? | ☐ Yes | ☐ No |
| Your attendance? | ☐ Yes | ☐ No |
| Anything else about your work? | ☐ Yes | ☐ No |

(If you answered "No" to all items under 2B, go to items 3A and 3B.)

2C. If you answered "Yes" to any item in 2B, explain below what the changes in your work circumstances were, the dates they occurred, and how your condition made these changes necessary.

| 3A.  On what date did your condition finally make you stop working?          Month          Day          Year |
|---|

3B.  Explain how your condition now keeps you from working.

Confidential
Admin Rec. 00506

 

Describe the kind and amount of physical activity this job involved during a typical day in terms of:

- o **Walking** (circle the number of hours a day spent walking)    0  1  2  3  4  5  6  7  8
- o **Standing** (circle the number of hours a day spent standing)    0  1  2  3  4  5  6  7  8
- o **Sitting** (circle the number of hours a day spent sitting)    0  1  2  3  4  5  6  7  8
- o **Bending** (circle how often a day you had to bend)    Never • Occasionally • Frequently • Constantly
- o **Reaching** (circle how often a day you had to reach)    Never • Occasionally • Frequently • Constantly
- o **Lifting and Carrying** (describe below what was lifted, and far it was carried; check heaviest weight lifted, and weight frequently lifted and/or carried):

| HEAVIEST WEIGHT LIFTED | WEIGHT FREQUENTLY LIFTED/CARRIED |
|---|---|
| ☐ 10 lbs. | ☐ 10 lbs. |
| ☐ 20 lbs. | ☐ 20 lbs. |
| ☐ 50 lbs. | ☐ 50 lbs. |
| ☐ 100 lbs. | ☐ 100 lbs. |
| ☐ Over 100 lbs. | ☐ Over 100 lbs. |

Have you been hospitalized or treated at a clinic for your disabling condition?  ☐ Yes  ☐ No
If "Yes," show the following and give dates of confinement:

| Name of Hospital or Clinic: | Address: | Dates of Confinement: |
|---|---|---|
| | | |

| Names and addresses of any physicians consulted: | Dates Consulted: |
|---|---|
| | |

## PART II – INFORMATION ABOUT OTHER INCOME

Are you receiving any income benefits?  ☐ Yes  ☐ No
If "Yes," check applicable box or boxes below and provide detail.

☐ Disability Benefit          ☐ Federal Social Security, Railroad Retirement Act, Veterans Administration, any Federal,
☐ Pension Plan              State, or other Government Agency Benefits or Employer's Liability Law Benefits
☐ Worker's Compensation      ☐ Other
☐ Sick Leave

| Source of Benefits | Monthly Amount | Commencement Date of Payments | Termination of Payments |
|---|---|---|---|
| | | | |

## PART III – INFORMATION ABOUT YOUR EDUCATION

1. What is the highest grade of school that you completed and when?

2. Have you gone to trade or vocational school or had any type of special training?  ☐ Yes  ☐ No
   If "Yes," show:
   - o The type of trade or vocational school or training: _____
   - o Approximate dates you attended: _____
   - o How this schooling or training was used in any work you did: _____

| Employee Full Name | WWID # | Confidential |
|---|---|---|

Admin Rec. 000507

 

www.rgl.net

## PART IV – INFORMATION ABOUT THE WORK YOU DID

1. List all jobs you have had in the last 15 years before you stopped working, beginning with your current job. Normally, this will be the kind of work you did the longest. (If you have a 6th grade education or less, AND did only heavy unskilled labor for 35 years or more, list all of the jobs you have had since you began to work. Use a separate sheet as necessary and attach it to this form.)

| Job Title (Be sure to begin with your "current" job) | Type of Business | Date Worked (Month and Year) | | Days per Week | Rate of Pay (Per hour, day, week, month or year) |
|---|---|---|---|---|---|
| | | From | To | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

2. Provide the following information for your usual job shown in item 1, line 1: In your job, did you:

- o    use machines, tools, or equipment of any kind?    ☐ Yes  ☐ No
- o    use technical knowledge or skills?    ☐ Yes  ☐ No
- o    do any writing, complete reports, or perform similar duties?    ☐ Yes  ☐ No
- o    have supervisory responsibilities?    ☐ Yes  ☐ No

Describe your daily activities in the following areas, and state what and how much you do of each and how often you do it:

- o    Household maintenance (including cooking, cleaning, shopping, and odd jobs around the house, as well as any other similar activities):

- o    Recreational activities and hobbies (hunting, fishing, bowling, hiking, musical instruments, etc.):

- o    Social contacts (visits with friends, relatives, neighbors):

- o    Other (drive car, motorcycle, ride bus, etc.):

I hereby authorize all physicians and health care professionals, hospitals and other healthcare institutions, insurers, employers, and group policy holders: You are authorized to provide Reed Group, 15 Tech Valley Drive East Greenbush, NY 12061, acting on my employer's behalf, with information concerning my health care, history, examination, treatment (including but not limited to copies of my medical record), advice, and supplies provided to me, and any employment-related information regarding my primary and/or secondary diagnoses as they relate to my disability benefits. This information will be used to evaluate and administer my application for disability benefits and may be reviewed by authorized medical and/or human resources professionals affiliated with my employer. I understand that this authorization is valid until I submit written revocation to my employer or Reed Group. I hereby release any person or entity providing information from any and all liability for furnishing such information. I agree that a photograph or facsimile copy of this authorization is as valid as the original.

Employee's Signature _____     Date _____

Employee Full Name _____     WWID # _____

Form #G-2809

Confidential
Admin Rec. 00508

Reed Group | 15 Tech Valley Drive | 2nd Floor, Suite 3 | East Greenbush, NY 12061 | 866-829-8861 | Fax: 518-880-6610

 

## ATTENDING PHYSICIAN STATEMENT
# Please <u>Fax</u> to 518-880-6610 or <u>Mail</u> to the Address Listed Below

*NOTE TO PHYSICIAN OR OTHER HEALTH CARE PROVIDER: Your full completion of this form is necessary so that the employee's application for benefit may be received and processed. Space is available on the reverse side if you wish to amplify your answers.*

*PLEASE ANSWER ALL QUESTIONS. RETURN FORM TO REED GROUP PROMPTLY.*

Name of patient _____   Date of birth ____/____/____
Mo.   Day   Year

Employer name _____

### 1. HISTORY
(a) When did symptoms first appear or accident happen?  Mo._____ Day_____ Year_____
(b) Date patient ceased work because of disability   Mo._____ Day_____ Year_____
(c) Has patient ever had same or similar condition?   ☐ Yes ☐ No If "Yes" state when and describe:

(d) Is condition due to injury or sickness arising out of patient's employment?  ☐ Yes ☐ No ☐ Unknown
(e) Names and addresses of other treating physicians:

### 2. DIAGNOSIS (including primary and secondary diagnoses or complications)
(a) Diagnosis: _____
(b) Date of last examination   Mo._____ Day_____ Year_____
(c) Subjective symptoms:

(d) Objective findings: Your patient may be covered under the provisions of the Johnson & Johnson Long Term Disability (LTD) Plan. To assist Reed Group in making this difficult determination, we request your cooperation in forwarding: the yield of objective tests already taken (for example, electrocardiograms, angiograms, etc. for a heart condition; vital capacity readings for emphysema; x-rays for muscular skeletal disorders) and the results found through the use of other clinical techniques.

Do you wish this information returned?   ☐ Yes ☐ No

### 3. DATES OF TREATMENT
(a) Date of first visit   Mo._____ Day_____ 19____
(b) Date of last visit   Mo._____ Day_____ 19____
(c) Frequency   ☐ Weekly ☐ Monthly ☐ Other (Specify)

### 4. NATURE OF TREATMENT (including surgery and medications prescribed, if any)

### 5. PROGRESS
(a) Has patient   ☐ Recovered? ☐ Improved? ☐ Unchanged? ☐ Retrogressed?
(b) Is patient   ☐ Ambulatory? ☐ House confined? ☐ Bed confined? ☐ Hospital confined?
(c) Has patient been hospital confined? ☐ Yes ☐ No
If "Yes," give Name and Address of Hospital _____
Continued from _____ through _____

### 6. CARDIAC (if applicable)
(a) Functional capacity   ☐ Class 1 (No limitation)   ☐ Class 2 (Slight limitation)
(American Heart Ass'n.)   ☐ Class 3 (Marked limitation)   ☐ Class 4 (Complete limitation)

(b) Blood Pressure (last visit) _____ / _____
SYSTOLIC   DIASTOLIC

Confidential
Admin Rec. 00509

 

## ATTENDING PHYSICIAN STATEMENT

---

**7. PHYSICAL IMPAIRMENT**

☐ Class 1 — No limitation of functional capacity; capable of heavy physical activity. No restrictions. (0-10%)

☐ Class 2 — Slight limitation of functional capacity; capable of light manual activity. (15-30%)

☐ Class 3 — Moderate limitation of functional capacity; capable of clerical administrative (sedentary) activity. (35-55%)

☐ Class 4 — Marked limitation. (60-70%)

☐ Class 5 — Severe limitation of functional capacity; incapable of minimal (sedentary) activity. (75-100%)

☐ Remarks:

---

**8. MENTAL/NERVOUS IMPAIRMENT (if applicable)**

☐ Class 1 — Patient is able to function under stress and engage in interpersonal relations (no limitations).

☐ Class 2 — Patient is able to function in most stress situations and engage in most interpersonal relations (slight limitations).

☐ Class 3 — Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations).

☐ Class 4 — Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations).

☐ Class 5 — Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations).

☐ Remarks:

Do you believe patient is competent to endorse checks and direct the use of the proceeds thereof?   ☐ Yes  ☐ No

---

**9. PROGNOSIS**

|  | PATIENT'S JOB | ANY OTHER WORK |
|---|---|---|
| (a) Is patient now totally disabled? | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

(b) Do you expect a fundamental or marked change in the future?   PATIENT'S JOB: ☐ Yes  ☐ No   ANY OTHER WORK: ☐ Yes  ☐ No

(1) If "Yes," when will patient recover ____/____/____ ☐ 1 Mo.  ☐ 3-6 Mos.   ____/____/____ ☐ 1 Mo.  ☐ 3-6 Mos.
sufficiently to perform duties    Mo.   Day   Yr.  ☐ 1-3 Mos.  ☐ Never    Mo.   Day   Yr.  ☐ 1-3 Mos.  ☐ Never

(2)  If "No," please explain:

---

**10. REHABILITATION**

|  | PATIENT'S JOB | ANY OTHER WORK |
|---|---|---|
| (a) Is patient a suitable candidate for trial employment? | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

(1) If "Yes," when could trial ____/____/____ ☐ 1 Mo.  ☐ 3-6 Mos.   ____/____/____ ☐ 1 Mo.  ☐ 3-6 Mos.
employment commence?   Mo.   Day   Yr.  ☐ 1-3 Mos.  ☐ Never    Mo.   Day   Yr.  ☐ 1-3 Mos.  ☐ Never

(2) If "Yes," what training will patent require?
(3) If "Yes," what type of employment would you suggest?
(4) If "No," please explain:

---

**11. REMARKS**

---

| Physician's Signature | | Date |
|---|---|---|
| Name (Attending Physician) Print | Degree | Telephone |
| Street Address | City or Town    State of Province | Zip Code |
| Employee Full Name | WWID # | |

Confidential
Admin Rec. 00510



# Direct Deposit Enrollment Form

To enroll or stop in Full Service Direct Deposit, simply fill out this form and **mail** or **fax** it to Reed Group at 518-880-6610. Also, when enrolling, **please also attach a voided check** – not a deposit slip. If depositing to a savings account, ask your bank to give you the Routing/Transit Number for your account. It isn't always the same as the number on a savings deposit slip. This will help ensure that you are paid correctly.

Below is a sample check MICR line, detailing where the information necessary to complete this form can be found.

| Routing/Transit # (A 9-digit number always between these two marks) | Checking Account # | Check # (this number matches the number in the upper right corner of the check— not needed for sign-up) |
|---|---|---|

**Important! Please read and sign before completing and submitting.**
I hereby authorize RGL to deposit any amounts owed me, by initiating credit entries to my account at the financial institution (hereinafter "Bank") indicated on this form. Further, I authorize Bank to accept and to credit and credit entries indicated by RGL to my account. In the event that RGL deposits funds erroneously into my account, I authorize RGL to debit my account for an amount not to exceed the original amount of the erroneous credit.

This authorization is to remain in full force and effect until RGL and Bank have received written notice from me of its termination in such time and such manner as to afford RGL and Bank reasonable opportunity to act on it.

Name: _____     Social Security #: _ _ _ - _ _ - _ _ _ _

Signature: _____ Date: _____

1. **Election** (Must Select One):     □ Start Direct Deposit     □ Stop Direct Deposit     □ Change Account

2. **Account Information**

　　1. Bank Name/City/State: _____

　　2. Account #: _____

　　3. Type of Account: □ Checking   □ Savings   □ Other

　　4. Routing/ Transit #: _____

## Please Mail to the Address Listed Below or Fax to 518-880-6610

Confidential
Admin Rec. 00511

 

# REIMBURSEMENT AGREEMENT
Johnson & Johnson Long Term Disability Plan

EMPLOYEE STATEMENT

| Name: | Social Security Number: | | Date of Birth: |
|---|---|---|---|
| Address - Street: | City: | State: | Zip Code: |
| Home Telephone Number: | Employee's Home E-mail Address (if available): | | |

I am familiar with and understand the provisions of the Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies (the "Plan") that require that monthly payments to me will be reduced by certain amounts, such as Social Security and Workers' Compensation benefits. I understand that these reductions may sometimes be based on a reasonable estimate of the amount of other benefits that will be paid to me. I agree to these reductions.

I further understand and agree that I am required to repay the Plan for any overpayments that have been made to me, including, without limitation, payments that have not been offset (or offset fully) for retroactive awards of Social Security, Workers' Compensation or other relevant benefits under the terms of the Plan and that I am required to pay the Plan any amounts that I recover from a third party in connection with my disability to the extent provided under the terms of the Plan. I agree to make these payments promptly, in accordance with the terms of the Plan. I understand and agree to the terms of the Plan regarding other rights of the Plan to recover amounts through subrogation and third party reimbursement.

I further agree to notify the Reed Group immediately upon my receiving notice that I have or will receive any amounts that offset my benefits under the Plan or any amounts that oblige me to pay or repay any amount to the Plan.

| Employee's Signature: | Date: |
|---|---|

| Witness Signature: | Date: |
|---|---|

## Please <u>Fax</u> to 518-880-6610 or <u>Mail</u> to the Address Listed Below

Confidential
Admin Rec. 00512



## Social Security Administration
Consent for Release of Information  OMB No 0960-0566

TO: Social Security Administration

Name (Please Print):_____

Date of Birth: _____      Social Security Number: _____

I authorize the Social Security Administration to release information or records about me to:

NAME                    ADDRESS
Allsup, Inc. (Allsup)                                                              300 Allsup
Pl., Belleville, IL 62223

I want this information released because:

Reed Group has requested this information from me through Allsup. In this regard, I authorize Allsup to provide any information obtained as a result of this Consent for Release of Information to Reed Group and/or its designees. This authorization is in addition to any other authorization I have provided or may provide in the future.

Please release the following information:

  NA   Social Security Number
  NA   Identifying information (includes date and place of birth, parents' names)
  X    Monthly Social Security benefit amount and date of entitlement or NIF
  NA   Monthly Supplemental Security Income payment amount
  NA   Information about benefit/payments I received from __ to __
  NA   Information about my Medicare claim/coverage from __ to__
  (specify)_____
  NA   Medical records
  NA   Record(s) from my file (specify)_____
  X    Other (specify): FACT Query for Primary and/or dependent(s)

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I know that if I make any representation which I know is false to obtain information from Social Security records, I could be punished by fine or imprisonment or both.

Signature:_____

Date:_____  Relationship:_____

## Please **Fax** to 518-880-6610 or **Mail** to the Address Listed Below

SSA-3288 Internet (12/99)

Confidential
Admin Rec. 00513



**ReedGroup**

15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

January 2, 2009

Dr. Norman Heyman
Office Of Dr. Amato
75 New Brunswick Avenue
Hopelawn, NJ 08861

RE:   Ralph Van Deventer
DOB:

Dear Dr. Heyman:

Thank you for agreeing to perform an Independent Medical Examination on the above employee of Johnson & Johnson on Tuesday, January 13, 2009 at 5:00pm. The purpose of the IME is to provide an independent, impartial and objective evaluation of the individual. **Please note that no tests or diagnostic studies are to be performed without prior authorization from Reed Group or Exam Coordinators Network.**

Mr. Van Deventer has been losing time from work primarily due to diagnoses of 721.3 Lumbosacral Spondylosis without Myelopathy; Arthritis; Osteoarthritis; Spondylarthritis, 847.2 Sprains and Strains of Other and Unspecified Parts of Back, Lumbar Spine, and 727.06 Tenosynovitis of Foot and Ankle since 9/8/2008, and 722.5 Degeneration of Thoracic or Lumbar Intervertebral Disc since 11/13/2008. Mr. Van Deventer continues to apply for disability benefits for issues related to the aforementioned diagnoses. The employee alleges continued symptomatology that prevents him from performing the essential functions of his job. Based on plan provisions, Mr. Van Deventer needs to demonstrate disability from his position as a Senior Compliance Analyst. In order to evaluate the employee's eligibility for continued disability benefits the following issues need to be clarified. My specific questions are:

1.  What is the current condition? Please address.

2.  Is the patient's condition preventing him from functioning in his current job position?

3.  If he is capable of performing his current job, what specific functions of the job is he capable of, and what specific functions of the job is he not capable of?

4.  Is the patient capable of working for 8 hours per day?

5.  Do you agree with the treatment to date? If further treatment is recommended, what further treatment would you recommend and how long do you feel treatment should be provided?

Thank you again for your assistance in this matter. Please send your report to my attention at Reed Group, 15 Tech Valley, 2nd Floor, Suite 3, East Greenbush, New York 12061 and/or fax the same to me at (518) 880-6610.

Thank you,

Reed Group

Confidential
Admin Rec. 00514

 **ReedGroup**

15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

January 2, 2009

Mr. Ralph R. Van Deventer Jr.



Dear Mr. Van Deventer:

Your case was referred to case management on 9/9/2008.

An Independent Medical Examination (IME) has been scheduled for you on:
Tuesday, January 13, 2009 at 5:00pm with Dr. Norman Heyman. Dr. Heyman's office is
located at:

**Office Of Dr. Amato**
**75 New Brunswick Avenue**
**Hopelawn, NJ 08861**

For directions to his office you may call (908) 526-2889.

**You will need to bring all X-ray and/or MRI films to this evaluation. You will need
to request these from your physician.** This is necessary for the physician to properly
evaluate you.

Please be aware your failure to attend, put forth reasonable effort or otherwise fully
cooperate in this evaluation will result in the termination of your disability benefits as
well as any other benefit programs you may be eligible for through Johnson & Johnson.

Please contact me at (866) 829-8861 (Toll Free) with any questions or comments.

Thank you,

Reed Group



15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

December 30, 2008

Ralph Van Deventer Jr.

Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer Jr.:

Johnson & Johnson has contracted with the Reed Group to review and monitor requests for Short Term Disability (STD) benefits.

Your request for STD benefits was received on 9/9/2008 for your absence beginning 9/8/2008. Based on your diagnosis and medical information submitted by your Health Care Provider, your STD benefits have been approved and extended through 1/28/2009. Reed Group will continue to review your claim on an ongoing basis to determine the potential for an earlier release to return to work, with or without temporary restrictions. Therefore, if is determined by Reed Group that you can return to work, in any capacity, prior to the last authorized date of our disability as indicated in this letter, you are expected to comply in order to continue receiving STD benefits. In the event that you and your health care provider determine that you can return to work prior to 1/29/2009, please contact us immediately to facilitate your return to work.

It is important to note that should you require an extension or will not return to work on or before the authorization end date, it is your responsibility to ensure that you and/or your health care provider submits additional objective medical documentation to Reed Group five (5) days prior to the last authorized date for review to extend STD benefits. Examples of this objective medical documentation are:

- Physician office/progress notes
- Diagnostic test results (X-rays, MRI, etc.)
- Laboratory results
- Physical Therapy notes
- Medical clearance from disability

Per the Company policy, if an employee does not return to work within three (3) business days of the end of the approved time off, the Company may determine that the employee has voluntarily resigned and consider the employee's employment to be terminated.

Please call 866-829-8861 if you have any questions or concerns.

Thank you,

Cristina Teta
Reed Group

Confidential
Admin Rec. 00516

12/29/2008  10:32  7325711937          STROUSE/LOPANO                    PAGE  01

# FAX



**IRVING D. STROUSE, M.D., P.A.**
279 Third Avenue, Suite 504
Long Branch, NJ 07740
Telephone: (732) 229-4333
Fax: (732) 571-1937

4695 Route 9 N
Howell, NJ 07
Telephone: (732) 370-4
Fax: (732) 370-1

## WARNING

The information contained in th s fac-
simile message is privileged an l con-
fidential. Information intended or ly for
the use of the individual or entity
named above. If the reader c f this
message is not the intended  ecipi-
ent, you are hereby notified tha t any
dissemination, distribution or cc pying
of this communication is strictly pro-
hibited. If you have received this
communication in error, please notify
us immediately.

Please advise us of any difficult es in
receiving this transmission by c illing
the numbers listed above.

**TO:**

Name _Christinia √ ττfa_

Company _____

FAX Number _5ˉ18 - 880 - 6661.0_

**FROM:**

Name _____

Date _____ Time _____

**TRANSMISSION**

This cover letter plus _____ pages attached.

INFO

_Re: Ralph_

_Vandeventen_

**REPLY REQUIRED?** _____   **URGENT?** _____

received on 12/29/2008 10:30:42 AM [Eastern Standard Time]

Confidential
Admin Rec. 00517

RALPH VANDE /ENTER

DOB 

11-24-08

**HISTORY:**  Patient did have an MRI performed of his lumbar spine, which I reviewed. There is transitional type vertebra. There is disc bulge at L4-L5 and L3-4 with superimposed disc herniation along the right neural foramina at L4-L5. There was diffuse degenerative change. Neurologic exam remains unchanged. He is still significantly tender over the Achilles.

**PLAN:**  For now, we will continue his physical therapy and keep him out of work.

**RETURN:**   4 weeks

IDS:pb

Confidential
Admin Rec. 00518

**RALPH VANDE VENTER**

**DOB** ▮▮▮▮▮▮▮

**11-24-08**

**HISTORY:**  Patient did have an MRI performed of his lumbar spine, which I reviewed. There is transitional type vertebra. There is disc bulge at L4-L5 and L3-4 with superimposed disc herniation along the right neural foramina at L4-L5. There was diffuse degenerative change. Neurologic exam remains unchanged. He is still significantly tender over the Achilles.

**PLAN:**  For now, we will continue his physical therapy and keep him out of work.

**RETURN:**  4 weeks

**IDS:pb**

Confidential
Admin Rec. 00519

12/29/2008  13:28    7325711937              STROUSE/LOPANO                    PAGE  81



**IRVING D. STROUSE, M.D., P.A.**
279 Third Avenue, Suite 504                                    4695 Route 9 N
Long Branch, NJ 07740                                          Howell, NJ 07
Telephone: (732) 229-4333                             Telephone: (732) 370-4
Fax: (732) 571-1937                                        Fax: (732) 370-1

# WARNING

The information contained in this fac-
simile message is privileged and con-
fidential. Information intended only for
the use of the individual or entity
named above. If the reader of this
message is not the intended recipi-
ent, you are hereby notified that any
dissemination, distribution or copying
of this communication is strictly pro-
hibited. If you have received this
communication in error, please notify
us immediately.

Please advise us of any difficulties in
receiving this transmission by calling
the numbers listed above.

**TO:**

Name _Christinia Veta_

Company _____

FAX Number _518 - 880 - 6610_

**FROM:**

Name _____

Date _____ Time _____

**TRANSMISSION**

This cover letter plus _____ pages attached.

**INFO**

_Re. Ralph_

_Vanderveen_

**REPLY REQUIRED?** _____   **URGENT?** _____

received on 12/29/2008 1:18:26 PM [Eastern Standard Time]

Confidential
Admin Rec. 00520

**RALPH VANDE\ 'ENTER**

 DOB

12-22-08

**HISTORY:**  Patie nt is basically unchanged. His back is a chronic problem. He still has tenderness and sw: lling.

**PHYSICAL EXA MINATION:**  Examination reveals spasm and limited motion. There is no change in his neurologic status. He is still tender with swelling over the Achilles.

**PLAN:**  For now, we will continue with his physical therapy. I am also referring him to a pain management : pecialist to see if epidural blocks are indicated.

**RETURN:**  1 mo ith

**IDS:pb**

Confidential
Admin Rec. 00521

FROM : A-Z VIDEO                    FAX NO. : 7322704287              Dec. 23 2008 12:40PM  P1

To: Christina Teta
Fax: 518-880-6610
From: Ralph Van Deventer

Re: Case# 74518

Dear Christina,

I am forwarding to you copies of an excuse slip and
two scripts for more Physical Therapy and a Pain
Management Consult. I met with my orthopedic
Surgeon yesterday and he is not satisfied with my
progress and wants to continue treatment while I'm
out on disability. He wants me to stay out for an
additional month while being treated. I will need to
undergo epidural block injections to see if that will help.
I do have a follow-up visit with Dr. Strouse on 01/20/09,
a week before my new return to work date of 01/29/09.
I have asked his office to fax pertinent documents/notes
to your attention to help you. Please let me know if you
receive it (time constraints due to Christmas) and if you approve
the new return to work date of 01/29/09. Any additional
information from me will be given quickly.
    Thanks for all your help on this short week!

                    Ralph Van Deventer

received on 12/23/2008 10:57:58 AM [Eastern Standard Time]

Confidential
Admin Rec. 00522

12/23/08
#of pages: 4

FROM : A-Z VIDEO                    FAX NO. : 7322704297          Dec. 23 2008 12:40PM  P2

## EXCUSE SLIP

### IRVING D. STROUSE, M.D., P.A.
Diplomate American Board of Orthopedic Surgery
279 Third Avenue, Suite 504
Long Branch, New Jersey 07740
(732) 229-4333

Date: _12/22/08_

To Whom It May Concern: _Ralph VanDeventer_
_____ is under my care.

He / She:

☒  Was seen in my office today for a necessary appointment.

☐  Please excuse for being tardy to:     school     work

_DIAGNOSIS (FOR ALL MARKED SELECTIONS BELOW):_ _____

_____

_____
_____

☐  Please excuse for being absent from school / work on _____ to _____

☐  Is released to return to school on _____

☐  Is released to return to work on _____.

            Full Duty            Light Duty

☐  Is / is not able to participate in the physical education program at school.

☐  Is not able to participate in _____

☐  Surgery is scheduled for _____ and patient may return to school / work after _____ weeks.

    Type of surgery to be performed: _____

☐  RESTRICTIONS: _No Work for 7 month._
    _(one)_
    _Follow Up Visit on 1/20/09_

☐  OTHER: _____
    _____
    _____

IRVING D. STROUSE, M.D., P.A.

(SIGNATURE)

Confidential
Admin Rec. 00523

FROM : A-Z VIDEO    FAX NO. : 7322704287    Dec. 23 2008 12:41PM P3



received on 12/23/2008 10:57:58 AM [Eastern Standard Time]

State of New Jersey
PRESCRIPTION BLANK

IRVING D. STROUSE, M.D.
279 THIRD AVENUE, SUITE 504
LONG BRANCH, NJ 07740
(732) 229-4333    FAX (732) 571-1937

NPI #1104715963

Confidential
Admin Rec. 00524

FROM : A-Z VIDEO                        FAX NO. : 7322704287          Dec. 23 2008 12:41PM  P4



received on 12/23/2008 10:57:58 AM [Eastern Standard Time]

Confidential
Admin Rec. 00525



15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

December 9, 2008

Ralph Van Deventer Jr.

Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer Jr.:

Johnson & Johnson has contracted with the Reed Group to review and monitor requests for Short Term Disability (STD) benefits.

Your request for STD benefits was received on 9/9/2008 for your absence beginning 9/8/2008. Based on your diagnosis and medical information submitted by your Health Care Provider, your STD benefits have been approved and extended through 12/28/2008. Reed Group will continue to review your claim on an ongoing basis to determine the potential for an earlier release to return to work, with or without temporary restrictions. Therefore, if is determined by Reed Group that you can return to work, in any capacity, prior to the last authorized date of our disability as indicated in this letter, you are expected to comply in order to continue receiving STD benefits. In the event that you and your health care provider determine that you can return to work prior to 12/29/2008, please contact us immediately to facilitate your return to work.

It is important to note that should you require an extension or will not return to work on or before the authorization end date, it is your responsibility to ensure that you and/or your health care provider submits additional objective medical documentation to Reed Group five (5) days prior to the last authorized date for review to extend STD benefits. Examples of this objective medical documentation are:

- Physician office/progress notes
- Diagnostic test results (X-rays, MRI, etc.)
- Laboratory results
- Physical Therapy notes
- Medical clearance from disability

Per the Company policy, if an employee does not return to work within three (3) business days of the end of the approved time off, the Company may determine that the employee has voluntarily resigned and consider the employee's employment to be terminated.

Please call 866-829-8861 if you have any questions or concerns.

Thank you,

Cristina Teta
Reed Group

Confidential
Admin Reg. 00526

11/26/2008  09:40    7325711937                    STROUSE/LOPANO                    PAGE  01



**IRVING D. STROUSE, M.D., P.A.**

279 Third Avenue, Suite 504                        4695 Route 9 Nor
Long Branch, NJ 07740                              Howell, NJ 0773
Telephone: (732) 229-4333                          Telephone: (732) 370-480
Fax: (732) 571-1937                                Fax: (732) 370-128

# WARNING

The information contained in this fac-
simile message is privileged and con-
fidential; information intended only for
the use of the individual or entity
named above. If the reader of this
message is not the intended recipi-
ent, you are hereby notified that any
dissemination, distribution or copying
of this communication is strictly pro-
hibited. If you have received this
communication in error, please notify
us immediately.

Please advise us of any difficulties in
receiving this transmission by calling
the numbers listed above.

**TO:**

Name  Christina Vcfa

Company

FAX Number  518 - 880 - 6610

**FROM:**

Name

Date _____ Time _____

**TRANSMISSION**

This cover letter plus _____ pages attached.

**INFO**

Re: Ralph

Vandeventer

**REPLY REQUIRED?** _____  **URGENT?** _____

Confidential
Admin Rec. 00527

11/26/2008  09:40    7325711937          STROUSE/LOPANO          PAGE  02

RALPH VANDEVENTER

DOB 

11-24-08

**HISTORY:** Patient did have an MRI performed of his lumbar spine, which I reviewed. There is transitional type vertebra. There is disc bulge at L4-L5 and L3-4 with superimposed disc herniation along the right neural foramina at L4-L5. There was diffuse degenerative change. Neurologic exam remains unchanged. He is still significantly tender over the Achilles.

**PLAN:** For now, we will continue his physical therapy and keep him out of work.

**RETURN:** 4 weeks

IDS:pb

Confidential
Admin Rec. 00528

FROM : A-Z VIDEO                  FAX NO. : 7322704297          Nov. 25 2008 04:10PM  P1

To: Christina Teta                           11/25/08
                                             # of pages : 3
Fax:  518-880-6610

From: Ralph VanDeventer

re:  Case # 74518

Dear Christina,

I am forwarding to you a copy of an Excuse Slip and Script for more Physical Therapy from my Orthopedic Surgeon Dr. Strouse. I had an office visit yesterday with him and he stated that after this round of P.T. if there is no improvement, he would recommend a pain management treatment so I can return to work. So far he wants me to remain out of work until 12/29/08 while I participate in the P.T. program. I do have another appointment with him on 12/22/08. If you need any additional information, please call me. Please inform my employer of this recent development and I will instruct my surgeon's office to fax any chart information to you. Thanks for all your help.

                                    Ralph VanDeventer

Confidential
Admin Rec. 00529

FROM : A-Z VIDEO                    FAX NO. : 7322704287          Nov. 25 2008 04:10PM  P2

## EXCUSE SLIP

**IRVING D. STROUSE, M.D., P.A.**
Diplomate American Board of Orthopedic Surgery
279 Third Avenue, Suite 504
Long Branch, New Jersey 07740
(732) 229-4333

Date: _11-24-08_

To Whom It May Concern:

_Ralph Vandeventer_ is under my care.

He / She:

[X] Was seen in my office today for a necessary appointment.

[ ] Please excuse for being tardy to:      school      work

DIAGNOSIS (FOR ALL MARKED SELECTIONS BELOW): _____
_Achilles Tenosynovitis_
_Lumbar Sprain L-4 L-5_

[ ] Please excuse for being absent from school / work on _____ to _____

[ ] Is released to return to school on _____

[ ] Is released to return to work on _____

        Full Duty           Light Duty

[ ] Is / Is not able to participate in the physical education program at school.

[ ] Is not able to participate in _____

[ ] Surgery is scheduled for _____ and patient may return to school / work after _____ weeks.

Type of surgery to be performed: _____

[X] RESTRICTIONS: _No work til 12/29/08_

[ ] OTHER: _____

IRVING D. STROUSE, M.D., P.A.

_____
(SIGNATURE)

Confidential
Admin Rec. 00530

FROM : A-Z VIDEO                    FAX NO. : 7322704287          Nov. 25 2008 04:11PM  P3

IRVING O. STROUSE, M.D., P.A.

ORTHOPEDIC SURGERY

DATE 11/24/08

SUITE 504
279 THIRD AVENUE
LONG BRANCH, NJ 07740
(732) 229-4333

PATIENT: Ralph Vandeventer

DIAGNOSIS:
1. HNP L45
2. Achilles Tendonitis

RX: 3          TIMES PER WEEK FOR

RETURN TO OR:

[✓] EVALUATE
[✓] SET UP THERAPY PROGRAM
[ ] CONTINUE
[ ] CHANGE

[ ] BACK    [ ] NECK    [ ] HIP    [ ] KNEE    [ ] ANKLE
[ ] FOOT    [ ] ELBOW    [ ] WRIST    [ ] HAND    [ ] RIBS
[ ] SHOULDER         [ ] OTHER

IRVING O. STROUSE, M.D.

received on 11/25/2008 2:29:14 PM [Eastern Standard Time]

Confidential
Admin Rec. 00531



15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

December 2, 2008

Ralph R. Van Deventer Jr.

Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer:

This letter is to inform you that as of 11/30/2008, you will have exhausted the 12 weeks of Family
Medical Leave (FMLA) entitled to you under the Family and Medical Leave Act (FMLA). Therefore,
Reed Group will close your FMLA case effective 11/30/2008.

Please call 866-829-8861 if you have other questions or concerns.

If you had previously been approved for short-term disability (STD) benefits for this absence and you
still have remaining approved STD days available, your eligibility for this benefit will remain in effect.

It is important to note that should you require an extension or will not return to work on or before the
STD authorization end date, it is your responsibility to ensure that you and/or your health care
provider submits additional objective medical documentation to Reed Group five (5) days prior to the
last authorized date for review to extend STD benefits. Examples of this objective medical
documentation are:

- Physician office/progress notes
- Diagnostic test results (X-rays, MRI, etc.)
- Laboratory results
- Physical Therapy notes
- Medical clearance from disability

Per the Company policy, if an employee does not return to work within three (3) business days of the
end of the approved time off, the Company may determine that the employee has voluntarily resigned
and consider the employee's employment to be terminated.

If you have any questions about your employment status or benefits, please contact your employer.

Sincerely,


Reed Group

cc: J&J Supervisor

Confidential
Admin Rec. 00532

Reed Group | 15 Tech Valley Drive | 2nd Floor, Suite 3 | East Greenbush, NY 12061| 866 829 8861 | Fax: 518 880 6610

 **ReedGroup**

15 Tech Valley Drive
Suite 3, Second Floor
East Greenbush, NY 12061

November 19, 2008

Ralph R. Van Deventer Jr.


Case #: 74518
WWID#: 10900

Dear Ralph Van Deventer Jr.:

Johnson & Johnson has contracted with the Reed Group to review and monitor requests for Short Term
Disability (STD) benefits.

Your request for STD benefits was received on 9/9/2008 for your absence beginning 9/8/2008. Based
on your diagnosis and medical information submitted by your Health Care Provider, your STD benefits
have been approved and extended through 11/30/2008. Reed Group will continue to review your claim
on an ongoing basis to determine the potential for an earlier release to return to work, with or without
temporary restrictions. Therefore, if is determined by Reed Group that you can return to work, in any
capacity, prior to the last authorized date of your disability as indicated in this letter, you are expected to
comply in order to continue receiving STD benefits. In the event that you and your health care provider
determine that you can return to work prior to 12/01/2008, please contact us immediately to facilitate
your return to work.

If you had previously been approved under the Family and Medical Leave Act (FMLA) and/or State
Family Medical Leave (SFML) for this disability and you still have enough remaining days available,
your FMLA and/or SFML approval will be extended. If you have exhausted your FMLA and/or SFML
days, you will receive notification in a separate letter.

It is important to note that should you require an extension or will not return to work on or before the
authorization end date, it is your responsibility to ensure that you and/or your health care provider
submits additional objective medical documentation to Reed Group five (5) days prior to the last
authorized date for review to extend STD benefits. Examples of this objective medical documentation
are:

- Physician office/progress notes
- Diagnostic test results (X-rays, MRI, etc.)
- Laboratory results
- Physical Therapy notes
- Medical clearance from disability

Per the Company policy, if an employee does not return to work within three (3) business days of the
end of the approved time off, the Company may determine that the employee has voluntarily resigned
and consider the employee's employment to be terminated.

Confidential
Admin Rec. 00533

Please call 866-829-8861 if you have any questions or concerns.

Thank you,

Cristina Teta
Reed Group

Confidential
Admin Rec. 00534

FROM : A-Z VIDEO                    FAX NO. : 7322704287          Nov. 18 2008 12:35PM P1

TO: Christina Teta                                    # of pages - 3
                                                        11/18/08
Fax: 518-880-6610


From: Ralph Van Devanter

▬▬▬▬▬▬▬

re:  Case # 74518


   Dear Christina,
      Please find a copy of my recent MRI report
      for my back problems. Thought you would like a
      copy for your file.

                        Sincerely,
                        Ralph Van Devanter

Confidential
Admin Rec. 00535

FROM : A-Z VIDEO                  FAX NO. : 7322704297            Nov. 18 2008 12:36PM  P2

Advanced

Medical Imaging

of Toms River

1430 Hooper Ave
Toms River, NJ 08753
(732) 349-2867

IRVING STROUSE M.D.
279 3rd Ave
Ste 504
Long Branch, NJ 07740

Patient Name: RALPH VANDEVENTER

| DOB: | | MRN: 237273 | | E#: E-00456807 |
|---|---|---|---|---|
| Exam Completed: | November 13, 2008 11:37:00 | | | |
| Dictated by: | MARY ANN PETERSON M.D. | | Dictated Date: | November 13, 2008 11:44:15 |
| Approved Date: | November 13, 2008 11:49:39 | | Print Date/Time: | November 18, 2008 08:34:29 |

Exam(s):
LUMBAR SP 8CH 1.5 MRI

HISTORY:      CHRONIC BACK PAIN

PRIOR EXAM: NONE

TECHNIQUE:   Sagittal FSE, T1 FLAIR; axial FSE from L3 through S1 with additional slices through the disc spaces from T11 through L3.

FINDINGS:      The conus is intrinsically normal and located at the L1 level. No cord compression is seen.

T11-12 - L2-3: There is no disc bulge or herniation. There is mild facet degenerative changes without central canal, lateral recess or neural foraminal stenosis.

L3-4: There is disc desiccation and degenerative changes of the apposing endplates. There is a slight disc bulge. There is facet degenerative changes. There is no central canal, lateral recess or neural foraminal stenosis.

L4-5: There is disc desiccation. There is a disc bulge more prominent posterolaterally in the inferior neural foramen with a superimposed disc herniation in the far right lateral neural foramen. There is facet degenerative changes. There is mild lateral recess and neural foraminal encroachment. There is mild central canal stenosis.

L5-S1: There is sacralization of L5 with a disc remnant at this level. There is no disc bulge or herniation. No central canal, lateral recess or neural foraminal stenosis is seen.

IMPRESSION: TRANSITIONAL TYPE VERTEBRAL BODY REFERRED TO AS L5 FOR THIS REPORT. DISC BULGE L4-5 AND L3-4 WITH A SUPERIMPOSED DISC HERNIATION IN THE RIGHT NEURAL FORAMEN AT L4-5. DIFFUSE FACET DEGENERATIVE CHANGES.

THANK YOU FOR THE COURTESY OF THIS REFERRAL

received on 11/18/2008 10:54:48 AM [Eastern Standard Time]

Confidential
Admin Rec. 00536