**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH R. VAN DEVENTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON PENSION COMMITTEE OF JOHNSON & JOHNSON, <br><br> Defendant. | Civil Action No. 10-cv-6344 (PGS) <br><br> MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a second motion for summary judgment by Plaintiff, and a cross-motion for summary judgment by Defendant. Since this is the second time the case is before the Court, the facts are not repeated, except for those pertinent to this decision.

I.

Plaintiff, Ralph R. Van Deventer, Jr, (Plaintiff or Van Deventer) a former employee of Johnson & Johnson (J & J), was denied Long Term Disability Income by Defendant, J & J Pension Committee of J & J (Pension Committee). On or about December 7, 2010, Plaintiff filed a complaint against Defendant alleging that it wrongfully terminated benefits owed to him from the Long Term Disability Income Plan for Choices Eligible Employees of J & J and Affiliated Companies (the "Plan"). Van Deventer seeks to reverse the Pension Committee's decision on two grounds. First, that the decision was arbitrarily made; and secondly that the Pension Committee members violated their fiduciary duties to Van Deventer by placing the company's interests above Van Deventer's interests. On the other hand, the Pension Committee seeks to dismiss Plaintiff's claim arguing that the Pension Committee's decision was based on substantial evidence.

In a previous decision, the Court remanded the matter to the Pension Committee because there were conflicting opinions by Dr. Lawrence Barr, an orthopedic surgeon, concerning Van Deventer's ability to resume sedentary work. The Court found that the Pension Committee's failure to verify which opinion of Dr. Barr applied constituted a "procedural irregularity." Accordingly, the matter was remanded the matter to the Pension Committee in order to ascertain and clarify the applicable opinion of Dr. Barr, "and reconsider it in light of all the other facts."

As a result, the Pension Committee communicated with Dr. Barr and requested that he clarify his opinion as to whether Van Deventer could perform sedentary work. In responding to one inquiry, Dr. Barr commented:

> He is capable of sedentary duty. I wanted to make sure that he could change is position frequently. He could lift up to 10 lbs; certainly I have no problem with that. He would work a full 8 hour day. No bending and lifting heavy objects up to 10 lbs certainly.

After obtaining this opinion, the Pension Committee found that substantial evidence existed that Van Deventer could perform sedentary work, and that he was no longer disabled.

II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); see also Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate*." Alevras v. Tacopina,* 226 Fed. App'x. 222, 227 (3d Cir. 2007).

ERISA plan participants may bring a civil action to "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). If an ERISA plan's terms provide the plan administrator with discretionary authority to determine benefits eligibility, then the administrator's decision to deny benefits will be upheld unless it is "arbitrary and capricious." *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845-46 (3d Cir. 2011) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115–16 (2008)). Defendant is vested with the power to "construe and interpret the provisions of the Plan." Accordingly, the parties agree that the arbitrary and capricious standard of review applies. "An administrator's decision is arbitrary and capricious 'if it is without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Miller, 632 F.3d at 845 (quoting *Abnathya v. Hoffmann–La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993)). "A decision is supported by substantial evidence if there is sufficient evidence for a

reasonable person to agree with the decision." *Howley v. Mellon Fin. Corp.*, 531 F. Supp. 2d 645, 648 (D.N.J. 2008) (citing *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000)). "[T]he record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 (3d Cir. 2010) (citation omitted).

III.

Plaintiff argues that the Pension Committee relied on "conflicting medical opinions", and "selective reading" of information in order to "cherry pick" facts to support its prior conclusion.

Looking at the record as a whole, the Court disagrees with Plaintiff's "cherry picking" argument, and finds that the Pension Committee relied on the opinions of at least four doctors – Lawrence Barr, Kevin Trangle, Renat Sukhov and Carmen M. Quinones, M.D. of the Pain Institute of New Jersey as well as the opinion of Mr. Filippone, a physical therapist. They found:

Dr. Quinones treated Mr. Van Deventer's back injury with repeated epidural steroid injections, and noted that he was in "no acute distress."

Physical therapist Filippone found that a functional capacity evaluation (FCE) was unreliable, and that "accurate assessment of [Plaintiff's] physical strength abilities cannot be determined" because of "[Plaintiff's] significantly self-limited performance." In a subsequent FCE, physical therapist Filippone found Van Deventer "meets the essential postural and physical demands of any sedentary occupation without restriction for an eight hour work day."

Dr. Sukhov, physical medicine and rehabilitation physician, found Van Deventer could perform sedentary work so long as he could frequently change positions.

Dr. Trangle, a medical examiner, also found Van Deventer could perform sedentary work.

Dr. Barr, as noted above, found Van Deventer could perform sedentary work.

The Pension Committee did not act in an arbitrary and capricious manner because it relied upon the opinions of the above medical experts. Those opinions are more than sufficient evidence to support the decision. *Howley v. Miller*, 531 F. Supp. 2d 645, 648 (D.N.J. 2008). Plaintiff also argues that Van Deventer's physician, Irving D. Strouse, submitted an opinion that

Van Deventer was disabled. However, that opinion was conclusory, and was not accompanied by any supporting diagnostics other than two MRI reports which classified Van Deventer's condition as mild. Plaintiff also sets forth that the Social Security Administration (SSA) found Van Deventer disabled from performing any jobs. However, the SSA's decision was not controlling in this matter because the SSA may have relied on different evidence, and the Social Security Disability Insurance definition of disability differs from the Pension Committee's definition.

Although there is some evidence supporting Plaintiff, the Pension Committee gave more weight to the opinions of the medical witnesses supporting Van Deventer's ability to perform a sedentary job. The Court found no evidence of any breach of any fiduciary duty owed to Van Deventer.

## ORDER

For the reasons set forth above,

IT IS on this 16th day of January 2013;

ORDERED that Plaintiff's second motion for summary judgment (ECF No. 31) is denied; and it is further

ORDERED Defendant's cross-motion for summary judgment (ECF No. 35) is granted.

s/Peter G. Sheridan
PETER G. SHERIDAN, U.S.D.J.